HOLLOWAY, Circuit Judge,
dissenting:
I
I respectfully dissent. As the majority opinion states at p. 13, we “‘must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.’ ” United States v. Martin Linen Supply Co., 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). Here clearly the reason that the district judge dismissed the first indictment was the fact that the defendant and the alleged victim were married. This stipulated fact, due to operation of Oklahoma law, meant there was not a violation, as alleged, of the Mann Act. Thus a solid basis for a double jeopardy defense against prosecution under the second indictment was clear. The denial of the defendant’s timely and proper motion to dismiss, invoking his double jeopardy defense, was error, and the ruling on the second indictment, with its new theory, must be reversed in this Abney appeal.
Here, the second indictment’s shift to adopt a new theory does not free the Government from the restrictions of the Double Jeopardy Clause. The second indictment added a new paragraph. It was, nevertheless, predicated, on the same basic circumstances. The new Introduction alleged, inter alia, that “the defendant engaged in acts of sexual intercourse with the girl through the use of force and threatened use of force ...” citing Oklahoma Stat. tit. 21, §§ 1111(B) and 1114(A)(3). Double jeopardy based on the resolution against the Government of some or all of the factual elements of the offense as first charged bars any later prosecution under the Mann Act for the same sexual conduct “even if based on a different theory....” United States v. Hunt, 212 F.3d 539, 547 (10th Cir.2000).
II
If the fact of the marriage of Miles and S.K. had been contested and the Government had put on evidence that the couple were not married, then a determination by the judge that the Government’s evidence was insufficient on the issue would stand as a bar to further prosecution under the basic principle of double jeopardy jurisprudence. I am satisfied that it makes no difference that the insufficiency of the Government’s evidence is established by a stipulated fact. In United States v. Ogles, *809 440 F.3d 1095 (9th Cir.2006) (en banc), the court specifically rejected the contention that a factual determination which amounts to an acquittal must be of a contested fact:
The government suggests that because Ogles did not contest his licensed status, the district court’s ruling did not meet the Supreme Court’s definition of acquittal'—that “whatever its label, [it] actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.” [United States v. Martin Linen Supply Co., 430 U.S. at 571, 97 S.Ct. 1349], The Court’s double jeopardy decisions do not, however, condition an acquittal under Rule 29(a) on the district court’s examination of contested facts. Here, the district court determined that a factual element of the offense had not been proved by the government. What is this if not a “resolution”?
440 F.3d at 1104.
The Government here contends that the trial court’s ruling was not on any matter of evidence but only on a legal issue. In Ogles the Government similarly argued that the district court’s judgment of acquittal of a charge of selling firearms without a license was based on a legal determination, specifically that the term “licensed dealer” in the statute was not location specific. The defendant was licensed in California but prosecuted for a sale he had made in Arizona. Thus, in one sense, the district court’s judgment of acquittal was based on a legal issue, the interpretation of the statute that a license to sell is not restricted to the state of the licensee’s residence. But that legal ruling was simply preliminary, the Ninth Circuit held, to the factual determination that the Government’s evidence was insufficient for a conviction. 440 F.3d at 1103. So too, in this case, the district court’s ruling dismissing the first indictment is best viewed, I conclude, as a determination that the Government would be unable to prove an essential element of the offense (that there was no marriage).
In my view, the dismissal of the first indictment was based on a finding of fact: the undisputed fact that the Defendant was married to the alleged victim. This case is unusual, in that it is true the fact-based decision of the marriage was made before any evidence had been taken. But no evidence was required to establish that critical fact: it was stipulated. The legal consequences thus are the same as if the government’s evidence had been heard. The district judge’s decision was a determination that the Government’s evidence was insufficient to prove the charged offense. If this be so, as I am convinced is the case, then the ruling was the equivalent of an acquittal, and the constitutional protection against double jeopardy unquestionably bars the Government’s second attempt to prosecute the Defendant.[1] The *810 Government had one full opportunity to prosecute the defendant,[2] and the Double Jeopardy Clause protected him against such further prosecution.
Ill
In the second indictment, the Government shifted gears. It had lost on its first attempt to convict the defendant due to the determination that marriage barred conviction under the Oklahoma statutory rape statute, 21 Okla. Stat. § 1111(A)(1), and under Oklahoma’s lewd acts statute, 21 Okla. Stat. § 1123. The Government cannot rely on “shift[ing] theories for avoiding the impact of the marriage”, App. at 13-14, Br. of the United States 16, ¶ 2, as the district judge stated. I am convinced that the perception of the district judge points to the proper analysis under the Double Jeopardy Clause.
The shift to the new theory of forcible rape is barred by the analysis in United States v. Hunt, 212 F.3d 539 (10th Cir. 2000). There prosecution for theft from the mail was sought under 18 U.S.C. § 1708. During a bench trial the court entered judgment which stated: “I find and conclude that the defendants are not guilty under the indictment as charged.” The judge concluded that the indictment alleged a theft from CTC distributor’s facility. It was further concluded that CTC was not part of the mail as required for the charged offense, and the indictment failed to allege any other theft from the mail, as suggested by the Government. The defendants asserted that the Double Jeopardy Clause barred the appeal, and this court agreed.
In doing so we relied on Sanabria v. United States, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978). There the Government charged the defendant with conducting an illegal gambling business in violation of 18 U.S.C. § 1955. The indictment had alleged two types of illegal gambling activities: horse betting and numbers betting in violation of Massachusetts law. After trial began, the defendant moved for acquittal, arguing that there was no evidence of horse betting, a proper basis for the illegal gambling charge, it having been determined that numbers betting was not prohibited by the Massachusetts code. The Government conceded there could be no review of the district court ruling that there was insufficient evidence of the defendant’s involvement with horse betting. The Government argued it was entitled to a new trial on the numbers betting charge. The Supreme Court disagreed. A judgment of acquittal which had been entered barred further prosecution on any aspect of the count and hence barred appellate review of any trial court error.
*811 Although the Supreme Court held that the Government “could prove the offense in more than one way (by demonstrating numbers betting, horse betting or other betting), an acquittal of the offense of participation in illegal betting barred prosecution for participation in illegal gambling even if based on a different theory.” 437 U.S. at 69, 98 S.Ct. 2170. Thus, Hunt correctly followed the holding of Sanabria.
From precedent of the Supreme Court and our court it is clear that the shift to a new theory is impermissible as a basis for avoiding the protection of the Double Jeopardy Clause for the defendant Miles, as for the defendants in other cases.
Accordingly, I must respectfully dissent.

. In my view, the two indictments charge a single violation of the Mann Act, even though the kind of violation of state law, i.e., the specific type of rape alleged, differed. See Sanabria v. United States, 437 U.S. 54, 73, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978) (prosecution had "charged only a single gambling business" that was illegal under state law, although the state law could have been violated by either a "numbers" game or by gambling on horse racing); United States v. Hunt, 212 F.3d 539 (10th Cir.2000) (acquittal of charge of theft from the mail would prohibit second prosecution for same theft on different theory).
The government here does not argue that the second indictment stated a different offense, so that prosecution under that indictment could proceed even if the dismissal of the first indictment were determined to be an acquittal, as I would hold it was. Instead, the Government argues, wrongly, that the dismissal of the first indictment was not an acquittal. (Brief of Plaintiff-Appellee at 29-34.)

. The majority invokes Fed.R.Crim.P. 29(a), which provides that a motion for judgment of acquittal may be made either after the prosecution has rested or at the close of all evidence, to assert that the sufficiency of the government's evidence is "not subject to judicial scrutiny” at any earlier stage. I do not, of course, contend otherwise as a matter of proper procedure. But this point provides no support whatsoever for the majority's holding because defendant's double jeopardy rights are in no way dependent upon the correctness of the district court’s judgment, nor on the correctness of any rulings underlying that judgment. Instead, -"[w]here a midtrial dismissal is granted on the ground, correct or not, that the defendant simply cannot be convicted of the offense charged, [United States v. J Jenkins [,420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975)] establishes that further prosecution is barred by the Double Jeopardy Clause.” Lee v. United States, 432 U.S. 23, 30, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977). If the trial court's decision is in effect an acquittal, it would violate the Double Jeopardy clause to bring the defendant to trial again even if the acquittal had been " 'based upon an egregiously erroneous foundation.' ” Sanabria v. United States, 437 U.S. 54, 64, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978) (quoting Fong Foo v. United States, 369 U.S. 141, 143, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962)).